UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DEBORAH ATHERTON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 15-113-DCR |
| ) | |
| V. ) | |
| ) | |
| FRANCISCO QUINTANA, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

*Pro se* Petitioner Deborah Atherton is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Atherton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] and has paid the $5.00 filing fee. [Record No. 6]  The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Atherton's petition under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in her favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

On June 15, 2011, a federal grand jury sitting in Madison, Wisconsin, returned an indictment charging Atherton, Timothy Whiteagle, and Clarence Pettibone with corruption in the award and renewal of business contracts between the Ho-Chunk Nation, an Indian tribal government, and certain business clients in violation of 18 U.S.C. §§ 371, 666, 1001, and 26 U.S.C. §§ 7201, 7206(1).  *United States v. Atherton*, No. 3:11-CR-65-WMC (W.D. Wis. 2011). Thereafter, in a separate but related prosecution, on March 28, 2012, Atherton was also charged with fraud by use of wire, radio, and television communications under 18 U.S.C. § 1343, and with providing false information in a loan application in violation of 18 U.S.C. § 1014.  *United States v. Atherton*, No. 3:12-CR-45-WMC (W.D. Wis. 2012).

On July 9, 2012, Atherton reached an agreement to plead guilty to a single count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 in the second cited case in exchange for the dismissal of all other charges in both cases.  On October 10, 2012, Atherton was sentenced to a term of imprisonment of 50 months on the conspiracy count.  Further, on November 29, 2012, all charges against her in the first case were dismissed consistent with her plea agreement.  Atherton filed a direct appeal contesting her conviction.  However, on January 2, 2013, the United States Court of Appeals for the Seventh Circuit granted the United States' motion to dismiss.

On June 11, 2013, Atherton filed a letter with the trial court apparently seeking relief from her conviction.  At the trial court's direction, Atherton clarified that she wished to seek relief pursuant to 28 U.S.C. § 2255, and filed an extensive brief setting forth her grounds for relief.  Among other arguments, Atherton asserted that her offenses fell under the jurisdiction of tribal authorities and that the trial court lacked jurisdiction over her offenses under the tribal exhaustion doctrine.  The government filed a brief in opposition to the motion on November

25, 2013.  Atherton's § 2255 motion remains pending for decision.  *Atherton v. United States*, No. 3:13-CV-454-WMC (W.D. Wis. 2013).

Atherton filed her petition under 28 U.S.C. § 2241 in this matter on April 29, 2015. [Record No. 1]  She asserts that, by virtue of her common law marriage to co-defendant Timothy Whiteagle, she is subject to the laws of the Ho-Chunk Nation.  As a result, she contends that the federal government lacked jurisdiction to try and convict her for federal offenses [Record No. 1, pp. 2-3] and that her detention violates the Indian Tribal Justice Act, 25 U.S.C. § 3601; the Indian Civil Rights Act, 25 U.S.C. § 1302; and 18 U.S.C. §§ 1152, 1153. [Record No. 1, p. 1]

Atherton's § 2241 petition will be dismissed because it is premature.  The correct mechanism for a federal prisoner to challenge a conviction or sentence is through a motion to vacate pursuant to 28 U.S.C. § 2255(a).  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  A habeas corpus petition under 28 U.S.C. § 2241 may only be used to challenge a federal conviction under very narrow circumstances: where § 2255 provides a remedy that is structurally inadequate or ineffective.  *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Here, Atherton has challenged her conviction, including the jurisdictional ground which forms the basis for her current petition, by motion under § 2255 in the Western District of Wisconsin. Because her § 2255 motion is still pending, Atherton's effort to obtain the same relief under § 2241 is premature.  *See Besser v. Holland*, No. 0:11-CV-70-HRW, 2011 WL 3608498, at *2 (E.D. Ky. Aug. 16, 2011) (dismissing § 2241 petition as premature pending resolution of petitioner's § 2255 motion in the sentencing court), *aff'd sub nom. Besser v. Sepanak*, 478 F. App'x 1001 (6th Cir. 2012); *see also Reynolds v. Martinez*, 351 F. App'x 585 (3d Cir. 2009); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123–24 (6th Cir. 1998); *Colbert v. Ives*, No. 12-99-

- 4 -

GFVT, 2013 WL 1856080, at *4 (E.D. Ky. Apr. 30, 2013) (collecting cases).[1] Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Deborah Atherton's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 1st day of July, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[1] Atherton's § 2255 motion has been pending since November 2013. However, a trial court's delay in deciding a motion filed under § 2255 does not render that remedy inadequate or ineffective to permit resort to § 2241. *United States v. Pirro*, 104 F.3d 297, 300 (9th Cir. 1997).